UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MT. VERNON
----------------------------------------------------------------------X

STEPHEN SUDU,

                                    Plaintiff,

   -against-

THE CITY OF MT. VERNON, DET. DANIEL IBANEZ,
DET. RICHARD CASTELHANO, Individually and in
their Official Capacities, ROUND TOWN PRIVATE CAR
SERVICE, INC., and OLIVER PRYCE,

                                    Defendants.

----------------------------------------------------------------------X

**COMPLAINT**

13 Civ. 5557 (CS)

**JURY TRIAL DEMANDED**

      Plaintiff STEPHEN SUDU, by his attorney, ROSE M. WEBER, complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

      1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.  Plaintiff also asserts supplemental state law tort claims against defendants ROUND TOWN PRIVATE CAR SERVICE, INC. ("ROUND TOWN") and OLIVER PRYCE, and additionally brings this action against defendants ROUND TOWN and OLIVER PRYCE on the basis of diversity jurisdiction.

## JURISDICTION

      2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

      3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1332, 1343, and 1367.

4. Pursuant to 28 U.S.C. § 1332(a)(1), subject matter jurisdiction exists because there is complete diversity between plaintiff and defendants ROUND TOWN and OLIVER PRYCE, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## VENUE

5. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(a) and (b), in that this is the District in which the claim arose.

## JURY DEMAND

6. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

7. Plaintiff STEPHEN SUDU is a Black male, a legal permanent resident of the United States, and at the time of the incident, a resident of the City of Mt. Vernon and the State of New York.

8. Plaintiff STEPHEN SUDU is currently a resident of the State of Georgia.

9. That at all times hereinafter mentioned, defendant ROUND TOWN was and still is a domestic corporation, duly organized and existing under and by virtue of the laws of the State of New York and conducting its usual business in the State of New York.

10. That at all times hereinafter mentioned, defendant ROUND TOWN owned, operated, managed, maintained, and controlled a livery car service operated from the premises designated as 3455 Baychester Avenue and/or 3433 Baychester Avenue, in the County of Bronx, City and State of New York.

11. That at all times hereinafter mentioned, defendant OLIVER PRYCE was a resident of the State of New York.

12. That at all times hereinafter mentioned, defendant OLIVER PRYCE was an employee, servant and/or agent of defendant ROUND TOWN and was acting under the supervision of said defendant and according to his official duties.

13. That at all times hereinafter mentioned, defendant OLIVER PRYCE was acting within the scope of his employment, and on behalf of his employer, defendant ROUND TOWN.

14. Defendant THE CITY OF MT. VERNON was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

15. Defendant THE CITY OF MT. VERNON maintains the Mt. Vernon Police Department ("MVPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of Mt. Vernon.

16. That at all times hereinafter mentioned, the individually named defendants DET. DANIEL IBANEZ and DET. RICHARD CASTELHANO were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

17. Each and all of the acts of defendants DET. DANIEL IBANEZ and DET. RICHARD CASTELHANO alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF MT. VERNON.

18. Each and all of the acts of defendants DET. DANIEL IBANEZ and DET. RICHARD CASTELHANO alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF MT. VERNON.

19. That at all times hereinafter mentioned, defendants DET. DANIEL IBANEZ and DET. RICHARD CASTELHANO were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of Mt. Vernon.

## FACTS

20. On October 17, 2011, shortly before midnight, plaintiff STEPHEN SUDU was lawfully present in the parking lot in front of 22 Sheridan Avenue, in the City of Mt. Vernon, County of Westchester, State of New York.

21. At the aforesaid time and place, defendant OLIVER PRYCE, while performing duties for defendant ROUND TOWN, deliberately drove his livery cab into plaintiff STEPHEN SUDU, and then fled the scene.

22. Plaintiff STEPHEN SUDU spoke with responding officers at the scene and a "Police Accident Report" was completed.

23. One of the responding officers telephoned defendant OLIVER PRYCE, but defendant Pryce refused to return to the scene.

24. At some point thereafter, defendant OLIVER PRYCE gave a statement to police falsely claiming that plaintiff STEPHEN SUDU had deliberately damaged his vehicle.

25. Defendants DET. DANIEL IBANEZ and DET. RICHARD CASTELHANO knew or should have known that defendant OLIVER PRYCE's statement was false and/or not credible.

26. At the scene, a witness to the incident (Lenise Elzey) gave MVPD a statement in which she said that defendant OLIVER PRYCE deliberately drove his livery cab directly at plaintiff STEPHEN SUDU, forcing plaintiff to jump onto the hood.

27. At the scene, a second witness to the incident (Shalama Sudu) gave MVPD a statement in which she said that defendant OLIVER PRYCE deliberately drove his livery cab into plaintiff STEPHEN SUDU.

28. On October 21, 2011, plaintiff STEPHEN SUDU gave a detailed statement to defendants DET. DANIEL IBANEZ and DET. RICHARD CASTELHANO, describing exactly how defendant OLIVER PRYCE deliberately drove his livery cab into plaintiff.

29. In a statement given to defendants DET. DANIEL IBANEZ and DET. RICHARD CASTELHANO, defendant OLIVER PRYCE admitted to leaving plaintiff STEPHEN SUDU lying in the middle of the street.

30. Nonetheless, defendants DET. DANIEL IBANEZ and DET. RICHARD CASTELHANO never arrested defendant OLIVER PRYCE or charged him with any criminal offense.

31. Instead, on November 9, 2011, defendant DET. DANIEL IBANEZ executed a Felony Complaint against plaintiff STEPHEN SUDU, falsely claiming to have reviewed surveillance video showing plaintiff deliberately damaging defendant OLIVER PRYCE's vehicle.

32. In fact, the surveillance video showed defendant OLIVER PRYCE running into plaintiff STEPHEN SUDU with his vehicle, and did not show plaintiff deliberately damaging defendant OLIVER PRYCE's vehicle.

33. Defendant DET. DANIEL IBANEZ deliberately failed to obtain a copy of the surveillance video.

34. Defendant DET. DANIEL IBANEZ deliberately failed to direct that the surveillance video be preserved.

35. On the basis of defendant DET. DANIEL IBANEZ' false statements, a warrant was issued for the arrest of plaintiff STEPHEN SUDU.

36. Plaintiff surrendered himself on December 21, 2011.

37. Plaintiff STEPHEN SUDU was held and detained in police custody for approximately ten hours before being released.

38. All defendants initiated criminal proceedings against plaintiff STEPHEN SUDU, despite defendants' knowledge that they lacked probable cause to do so.

39. During the period between December 21, 2011 and April 22, 2013, plaintiff STEPHEN SUDU was required to make numerous court appearances to defend himself in the criminal proceedings that defendants had initiated against him.

40. On or about April 22, 2013, all charges against plaintiff STEPHEN SUDU were dismissed.

41. As a result of the foregoing, plaintiff sustained, *inter alia*, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "41" with the same force and effect as if fully set forth herein.

43. All of the aforementioned acts of all defendants, their agents, servants and employees, were carried out under the color of state law.

44. All of the aforementioned acts deprived plaintiff STEPHEN SUDU of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

45. The acts complained of were carried out by defendants DET. DANIEL IBANEZ and DET. RICHARD CASTELHANO in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

46. The acts complained of were carried out by defendants DET. DANIEL IBANEZ and DET. RICHARD CASTELHANO in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of Mt. Vernon and the Mt. Vernon Police Department, all under the supervision of ranking officers of said department.

47. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority/business entity, which is forbidden by the Constitution of the United States.

**SECOND CLAIM FOR RELIEF**
**FALSE ARREST UNDER 42 U.S.C. § 1983**

48. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49. As a result of the aforesaid conduct by defendants, plaintiff STEPHEN SUDU was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

50. As a result of the foregoing, plaintiff STEPHEN SUDU's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## <u>MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983</u>

51. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52. Defendants misrepresented and falsified evidence before the District Attorney.

53. Defendants did not make a complete and full statement of facts to the District Attorney.

54. Defendants withheld exculpatory evidence from the District Attorney.

55. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff STEPHEN SUDU.

56. Defendants lacked probable cause to initiate criminal proceedings against plaintiff STEPHEN SUDU.

57. Defendants acted with malice in initiating criminal proceedings against plaintiff STEPHEN SUDU.

58. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff STEPHEN SUDU.

59. Defendants lacked probable cause to continue criminal proceedings against plaintiff STEPHEN SUDU.

60. Defendants acted with malice in continuing criminal proceedings against plaintiff STEPHEN SUDU.

61. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding.

62. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff STEPHEN SUDU's favor on April 22, 2013, when all charges against him were dismissed.

### FOURTH CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

63. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64. Defendants issued legal process to place plaintiff STEPHEN SUDU under arrest.

65. Defendants arrested plaintiff STEPHEN SUDU in order to obtain a collateral objective outside the legitimate ends of the legal process.

66. Defendants acted with intent to do harm to plaintiff STEPHEN SUDU without excuse or justification.

### FIFTH CLAIM FOR RELIEF
### DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
### UNDER 42 U.S.C. § 1983

67. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68. Defendants created false evidence against plaintiff STEPHEN SUDU.

69. Defendants forwarded false evidence to prosecutors in the Westchester County District Attorney's Office.

70. Defendants misled juries, judges, and/or prosecutors by providing false testimony and proffering false evidence throughout the criminal proceedings.

71. In creating and forwarding false information to prosecutors, defendants violated plaintiff STEPHEN SUDU's constitutional right to a fair trial under the Sixth Amendment and the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

## SIXTH CLAIM FOR RELIEF
### CONSPIRACY UNDER 42 U.S.C. § 1983

72. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

73. Defendants, collectively and individually, entered into an agreement to act in concert to deprive plaintiff STEPHEN SUDU of his constitutional rights.

74. In participating in the false arrest and malicious prosecution of plaintiff STEPHEN SUDU, defendants committed overt acts in furtherance of the conspiracy.

75. As a result of the foregoing, plaintiff STEPHEN SUDU sustained, *inter alia*, emotional distress, embarrassment, and humiliation, damage to reputation, and deprivation of his constitutional rights.

## SEVENTH CLAIM FOR RELIEF
### FAILURE TO INTERVENE

76. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77. Each and every individual defendant had an affirmative duty to intervene on plaintiff STEPHEN SUDU's behalf to prevent the violation of his constitutional rights.

78. The individual defendants failed to intervene on plaintiff STEPHEN SUDU's behalf to prevent the violation of his constitutional rights despite having had a realistic opportunity to do so.

79. As a result of the aforementioned conduct of the individual defendants, plaintiff STEPHEN SUDU's constitutional rights were violated and he was subjected to a false arrest and malicious prosecution.

## EIGHTH CLAIM FOR RELIEF
## **MUNICIPAL LIABILITY**

80. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81. Defendants DET. DANIEL IBANEZ and DET. RICHARD CASTELHANO arrested and prosecuted plaintiff STEPHEN SUDU in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and prosecution would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

82. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

83. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of Mt. Vernon and the Mt. Vernon Police Department, all under the supervision of ranking officers of said department.

84. Both before and after the arrest of plaintiff STEPHEN SUDU, a custom and practice of lawlessness and corruption pervaded MVPD.

85. As a direct result of this custom and practice, defendants in the instant matter felt free to arrest and prosecute plaintiff STEPHEN SUDU without probable cause and to manufacture evidence against him.

86. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated documented instances of official misconduct by MVPD officers.

87. MVPD policymakers collaborated in the misconduct and/or ratified it by failing to discipline the offending officers.

88. The instances of official misconduct included, but were not limited to, inflating overtime in order to pad pensions, discouraging civilians from filing complaints about police misconduct, moonlighting as private security, and participating in criminal enterprises with gang members.

89. The foregoing customs, policies, usages, practices, procedures and rules of the City of Mt. Vernon and the Mt. Vernon Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff STEPHEN SUDU.

90. The foregoing customs, policies, usages, practices, procedures and rules of the City of Mt. Vernon and the Mt. Vernon Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff STEPHEN SUDU as alleged herein.

91. The foregoing customs, policies, usages, practices, procedures and rules of the City of Mt. Vernon and the Mt. Vernon Police Department were the moving force behind the constitutional violations suffered by plaintiff STEPHEN SUDU as alleged herein.

92. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of Mt. Vernon and the Mt. Vernon Police Department, plaintiff STEPHEN SUDU was unlawfully arrested and prosecuted.

93. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff STEPHEN SUDU.

94. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff STEPHEN SUDU's constitutional rights.

95. All of the foregoing acts by defendants deprived plaintiff STEPHEN SUDU of federally protected rights, including, but not limited to, the right:

    A.    Not to be deprived of liberty without due process of law;

    B.    To be free from seizure and arrest not based upon probable cause;

    C.    To be free from unwarranted and malicious criminal prosecution;

    D.    To be free from malicious abuse of process;

    E.    Not to have cruel and unusual punishment imposed upon him; and

    F.    To receive equal protection under the law.

96. As a result of the foregoing, plaintiff STEPHEN SUDU is entitled to compensatory damages against the Municipal Defendants in the sum of one million dollars ($1,000,000.00) and against defendants ROUND TOWN and OLIVER PRYCE in the sum of one million dollars ($1,000,000.00), and is further entitled to punitive damages against defendants DET. DANIEL IBANEZ and DET. RICHARD CASTELHANO in the sum of one million dollars ($1,000,000.00) and against defendants ROUND TOWN and OLIVER PRYCE in the sum of one million dollars ($1,000,000.00).

**STATE CLAIMS AGAINST<br>
<u>ROUND TOWN and OLIVER PRYCE</u>**

**FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW<br>
<u>MALICIOUS PROSECUTION</u>**

97. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "96" with the same force and effect as if fully set forth herein.

98. Defendants ROUND TOWN and OLIVER PRYCE provided prosecutors with false information in an attempt to induce the prosecution of plaintiff STEPHEN SUDU.

99. Defendants ROUND TOWN and OLIVER PRYCE importuned prosecutors to prosecute plaintiff STEPHEN SUDU.

100. As a result of the conduct of defendants ROUND TOWN and OLIVER PRYCE, a criminal proceeding against plaintiff STEPHEN SUDU was commenced on or about November 9, 2011.

101. Defendants ROUND TOWN and OLIVER PRYCE urged the continuation of said proceeding despite the fact that they knew or should have known that plaintiff STEPHEN SUDU had not committed any crimes and that there was no need for the arrest and imprisonment of plaintiff.

102. Defendants ROUND TOWN and OLIVER PRYCE were directly and actively involved in the initiation of criminal proceedings against plaintiff STEPHEN SUDU.

103. Defendants ROUND TOWN and OLIVER PRYCE knew or should have known that there was no probable cause to initiate criminal proceedings against plaintiff STEPHEN SUDU.

104. Defendants ROUND TOWN and OLIVER PRYCE were motivated by actual malice in initiating criminal proceedings against plaintiff STEPHEN SUDU.

105. Defendants ROUND TOWN and OLIVER PRYCE misrepresented and falsified evidence before the District Attorney.

106. Defendants ROUND TOWN and OLIVER PRYCE did not make a complete and full statement of facts to the District Attorney.

107. Defendants ROUND TOWN and OLIVER PRYCE withheld exculpatory evidence from the District Attorney.

108. Defendants ROUND TOWN and OLIVER PRYCE were directly and actively involved in the continuation of criminal proceedings against plaintiff STEPHEN SUDU.

109. Defendants ROUND TOWN and OLIVER PRYCE knew or should have known that there was no probable cause to urge the continuation of criminal proceedings against plaintiff STEPHEN SUDU.

110. Defendants ROUND TOWN and OLIVER PRYCE were motivated by actual malice in urging the continuation of criminal proceedings against plaintiff STEPHEN SUDU.

111. Notwithstanding the perjurious and fraudulent conduct of defendants ROUND TOWN and OLIVER PRYCE, the criminal proceedings were terminated in plaintiff STEPHEN SUDU's favor on or about April 22, 2013, when all charges against him were dismissed.

### SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

112. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "111" with the same force and effect as if fully set forth herein.

113. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

114. The aforementioned conduct was negligent and caused severe emotional distress to plaintiff STEPHEN SUDU.

115. The aforementioned conduct was committed by defendant OLIVER PRYCE, while acting within the scope of his employment with defendant ROUND TOWN.

116. The aforementioned conduct was committed by defendant OLIVER PRYCE, while acting in furtherance of his employment with defendant ROUND TOWN.

117. As a result of the aforementioned conduct, plaintiff STEPHEN SUDU suffered severe emotional distress and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT HIRING AND RETENTION

118. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "117" with the same force and effect as if fully set forth herein.

119. Upon information and belief, defendant ROUND TOWN failed to use reasonable care in the hiring and retention of defendant OLIVER PRYCE.

120. Defendant ROUND TOWN knew, or should have known in the exercise of reasonable care, the propensities of defendant OLIVER PRYCE to engage in the wrongful conduct heretofore alleged in this Complaint.

121. As a result of the conduct of defendant ROUND TOWN, plaintiff STEPHEN SUDU sustained, *inter alia*, emotional distress, embarrassment, and humiliation, deprivation of his constitutional rights, and special damages.

### FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT TRAINING AND SUPERVISION

122. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "121" with the same force and effect as if fully set forth herein.

123. Upon information and belief, defendant ROUND TOWN failed to use reasonable care in the training and supervision of defendant OLIVER PRYCE

124.   As a result of the conduct of defendant ROUND TOWN, plaintiff STEPHEN SUDU sustained, *inter alia*, emotional distress, embarrassment, and humiliation, deprivation of his constitutional rights, and special damages.

125.   As a result of the foregoing, plaintiff STEPHEN SUDU is entitled to compensatory damages against defendants ROUND TOWN and OLIVER PRYCE in the sum of one million dollars ($1,000,000.00) and is further entitled to punitive damages in the sum of one million dollars ($1,000,000.00).

**WHEREFORE**, plaintiff demands judgment against the Municipal Defendants in the sum of one million dollars ($1,000,000.00) in compensatory damages and against defendants ROUND TOWN and OLIVER PRYCE in the sum of one million dollars ($1,000,000.00) in compensatory damages, and further demands judgment against defendants DET. DANIEL IBANEZ and DET. RICHARD CASTELHANO in the sum of one million dollars ($1,000,000.00) in punitive damages and against defendants ROUND TOWN and OLIVER PRYCE in the sum of one million dollars ($1,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:   New York, New York
         August 7, 2013

_____/s_____
ROSE M. WEBER (RW 0515)
225 Broadway, Suite 1607
New York, NY 10007
(212) 748-3355